


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION |
| v. | * | NO. 00-0424 |
| MICHAEL R. SCOTT | * | SECTION: "T" (2) |

\* \* \*

**PRE-TRIAL ORDER**

**1.**

The pre-trial conference was held on March 27, 2001, at 10:00 a.m.

**2.**

**APPEARANCE OF COUNSEL**

Appearing on behalf of the United States of America, is:

>   Karl J. Connor
>   Assistant United States Attorney
>   Bar Roll No. 23454
>   Hale Boggs Federal Building
>   501 Magazine Street
>   New Orleans, LA 70130
>   Telephone: (504) 680-3004

DATE OF ENTRY
APR 9 - 2001



Appearing on behalf of Michael R. Scott:

>   No one appeared on behalf of
>   Michael R. Scott, Pro Se
>   2206 Music Street
>   New Orleans, LA   70117
>   Telephone:  (504)940-5824

### 3.
**DESCRIPTION OF PARTIES**

A.   PLAINTIFF

The plaintiff is the United States of America suing on behalf of the Railroad Retirement Board (hereafter "RRB"), which provides federal benefits for unemployed railroad workers and is administered by the Railroad Retirement Board.

B.   DEFENDANT

The defendant is Michael R. Scott, a person of the full age domiciled in Orleans Parish, Louisiana.

### 4.
**JURISDICTION**

This is a civil action brought by the United States on behalf of the Railroad Retirement Board under the False Claims Act, 31 U.S.C. § 3729 et seq.(West Supp. 1990), and under common law. This Court has subject matter jurisdiction over this action by virtue of 31 U.S.C. § 3730(a) and 28 U.S.C. § 1345.

This Court has personal jurisdiction over the defendant pursuant to 31 U.S.C.§ 3732(a), which authorizes nationwide service of process.  Moreover, the defendant resides in and around New Orleans, Louisiana.  Jurisdiction is not contested.

**5.**

**MOTIONS PENDING**

None.

**6.**

**SUMMARY OF THE MATERIAL FACTS**

A.  PLAINTIFF

Michael R. Scott is a former railroad conductor with Norfolk Southern Corporation which is headquartered in Roanoke, Virginia. On or about October 29, 1992, the defendant was injured and unable to perform his employment.

In order to receive unemployment benefits, the defendant submitted on or about April 1, 1993 Form UI-1 "Application for Unemployment Benefits and Employment Service" to the Railroad Retirement Board in Charlotte, North Carolina. This form further advised the defendant of the rules and regulations for claiming unemployment benefits. One of the requirements states, in part:

> I know I must immediately report to the RRB any changes which might affect my entitlement to benefits. I understand that disqualifications and civil and criminal penalties may be imposed on me far making false or fraudulent statements or claims or for withholding information to get benefits. I understand and agree to the requirements set forth in Booklet UB-10.

In order to receive unemployment benefits, an applicant

must submit RRB Form UI-3 "Claim for Unemployment Benefits" every fourteen days. Following the initial application, benefits were made payable retroactive to January 19, 1993. Thereafter, the defendant completed biweekly Form UI-3's, "Claim for Unemployment Benefits" dated for the two-week claim period beginning March 2, 1993, through the two-week claim period beginning February 10, 1994. The defendant, who then resided in Rocky Mount, North Carolina, would thereafter complete and mail these forms to the RRB's Charlotte, North Carolina, District Office.

From on or about March 2, 1993, through on or about February 10, 1994, the defendant submitted 24 "Claims for Unemployment Benefits" to the RRB in Charlotte, North Carolina. On each claim, the defendant certified that he had not worked on any day for which he sought certification, when he knew or should have known that he had worked at Harris Teeter, Inc., Davenport Motors, Inc., and Montgomery Ward and Company. The defendant further certified that he had "read Booklet UB-10 and understood it." He further acknowledged that "disqualifications and civil and criminal penalties may be imposed on [him] for false or fraudulent statements or claims or withholding information to get benefits." The defendant certified that "[t]he information given on this form is true, correct and complete."

In seeking and receiving unemployment insurance benefits, the defendant concealed material facts, to wit, his non-railroad

- 4 -

employment and his earnings therefrom, when he knew or should have known, that this employment was material to the RRB.

But for the defendant's false statements and concealment of material facts, the defendant would not have received unemployment insurance benefits from on or about March 2, 1993, through on or about February 10, 1994.

As a result of the defendant's actions, the government has been damaged in the amount of $7722.00.

B.   DEFENDANT

The Defendant, Michael R. Scott has repeatedly failed to respond to attempts by the U. S. Attorney's Office to contact him. His current location is unknown as all mailings to his address have been returned unclaimed. Therefore, his position on this suit is unknown.

7.

**UNCONTESTED MATERIAL FACTS**

The undersigned U. S. Attorney met with Mr. Scott in July 2000 and he admitted that he had performed all the acts listed in the complaint and disputed none of the facts. Since said meeting the Defendant, Michael R. Scott, has repeatedly failed to respond to attempts by the U. S. Attorney's Office to contact him.[1]  His

---

[1] Mr. Scott called the undersigned Assistant U.S. Attorney in August 2000 and left a message stating that "I have already been placed in a collections agency for other debts and you can take it up with them."

current location is unknown as all mailings to his last known address have been returned unclaimed. The last known phone number for Mr. Scott has been changed to a non-published status. Therefore, his current positions on the facts of this suit are unknown.

### 8.

**CONTESTED ISSUES OF FACT**

The undersigned U. S. Attorney met with Mr. Scott in June 2000 and he admitted that he had performed all the acts listed in the complaint and disputed none of the facts or issues of law. Since said meeting the Defendant, Michael R. Scott, has repeatedly failed to respond to attempts by the U. S. Attorney's Office to contact him. His current location is unknown as all mailings to his address have been returned unclaimed. Therefore, his current positions on the issues of law in this suit are unknown.

Given the statements in Mr. Scott's Answer and prior conversations with him, the United States believes there are no contested issues of fact.

### 9.

**CONTESTED ISSUES OF LAW**

The undersigned U. S. Attorney met with Mr. Scott in June 2000 and he admitted that he had performed all the acts listed in the complaint and disputed none of the facts or issues of law. Since said meeting the Defendant, Michael R. Scott, has repeatedly failed

to respond to attempts by the U. S. Attorney's Office to contact him. His current location is unknown as all mailings to his address have been returned unclaimed. Therefore, his current positions on the issues of law in this suit are unknown.

Given the statements in Mr. Scott's Answer and prior conversations with him, the United States believes there are no contested issues of law.

**10.**

**EXHIBITS**

    A.    PLAINTIFF

The United States will introduce the following exhibits at trial:

    1.    RRB Form U-1 "Application for Unemployment Benefits and Employment Service" to the Railroad Retirement Board in Charlotte, North Carolina.

    2.    Twenty-four RRB Form UI-3 "Claims for Unemployment Benefits" dated for the two-week claim period beginning March 2, 1993, through the two-week claim period beginning February 10, 1994. The defendant who then resided in Rocky Mount, North Carolina, would thereafter complete and mail these forms to the RRB's Charlotte, North Carolina, District Office biweekly.

    3.    RRB Booklet UB-10 which explains the civil and criminal penalties that may be imposed if the applicant violates the rules of the program.

    4.    Office of Inspector General, Office of Investigations' Statement of Determination of Loss.

    5.    Defendant's Answer.

    6.    Any exhibit listed or introduced by any other party.

    B.    DEFENDANT

As stated above, the current location of the defendant is unknown and he has not contacted the United States Attorney's office since October 2000. Therefore, his intentions to use trial exhibits in this suit are unknown.

## 11.

**DEPOSITION TESTIMONY**

No deposition testimony will be offered into evidence.

## 12.

**CHARTS, GRAPHS, MODELS OR SCHEMATIC DIAGRAMS**

No charts or graphs will be used at trial.

## 13.

**WITNESSES**

    A.    PLAINTIFF

The United States of America will call the following witnesses:

    1.    Representative of the Railroad Retirement Board
          Office of Inspector General/
          Office of Investigations
          844 Rush Street, Room 450
          Chicago, Ill 60611

This witness will testify about the defendant's fraudulent actions, payments received by the defendant, and the amount of the loss to the government.

    2.    Any witness listed or called by other party.

B.    DEFENDANT

The Defendant, Michael R. Scott, has repeatedly failed to respond to attempts by the U. S. Attorney's Office to contact him. His current location is unknown as all mailings to his address have been returned unclaimed. Therefore, what, if any, witnesses he will call at trial is unknown.

C.    Witness lists were filed in accordance with prior court orders.

**14.**

This is a non-jury case.

**15.**

The issue of liability will not be tried separately from that of quantum.

**16.**

A.    PLAINTIFF

There are no other matters that would expedite the disposition of this case.

B.   DEFENDANT

Unknown.

### 17.

Trial shall commence on April 9, 2001, at 10:00 a.m. The trial should last one day.

### 18.

This pre-trial order has been formulated without a conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded Mr. Scott for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

### 19.

The possibility of settlement of this case was considered. However, the defendant had previously agreed to sign a consent

judgement in this matter.  He has failed to contact the U. S. Attorney's Office since that time to execute said judgement.

          Respectfully submitted,

          EDDIE J. JORDAN, JR.
          UNITED STATES ATTORNEY


_____
KARL J. CONNOR
Assistant United States Attorney
Bar Roll No. 23454
Hale Boggs Federal Building
501 Magazine Street
New Orleans, Louisiana   70130
Telephone:  (504) 680-3004


_____
Michael R. Scott, Pro Se
2206 Music Street
New Orleans, LA   70117
Telephone:  (504) 940-5824


New Orleans, Louisiana, this 30th day of March 2001.

_____
UNITED STATES DISTRICT JUDGE